PER CURIAM.
Defendant-appellants take this interlocutory appeal to review the trial court’s order denying appellants’ motion to dismiss.
Plaintiff-appellee, Calvin Gillenwater, Sr., Inc., entered into contracts with the defendant-appellant Jeffrey R. Yunis to construct an office building on property owned by the defendant Yunis. Subsequent to the completion of construction, the building and land were sold to the defendant-appellant Manchester Insurance and Indemnity Company. Plaintiff filed a complaint against the defendants to foreclose a mechanic’s lien for labor and materials. In response thereto, defendants filed identical motions to dismiss on the grounds of (1) plaintiff’s failure to comply with Fla.Stat. § 713.06(3) (d)(1), and (2) plaintiff’s failure to comply with the direct contracts and to allow defendants to comply with Fla.Stat. § 713.06(3)(d) (S). After hearing argument thereon, the trial court entered its order denying the motions to dismiss. Defendants appeal therefrom. We affirm.
Defendant-appellants’ motions to dismiss for failure to comply with § 713.06(3) (d)(1) and the provisions of the contracts were denied. This being an interlocutory appeal, it is only necessary that the allegations in the complaint show compliance with § 713.06(3) (d) (1) and the contracts. See 2 Fla.Jur. Appeals § 300 (1963). The complaint in the case sub ju-dice specifically alleges full compliance therewith and, therefore, we find no error in the denial of the motions to dismiss. Whether plaintiff has complied fully with the statute and the provisions of the contracts can only be determined by the evidence.
Accordingly, the ordered herein appealed is affirmed.
Affirmed.